[The matter of a Mandamus against the School Directors of Jefferson Township.]
tion should be taken to the particular part, and a general demurrer cannot be sustained.

*Kunkel and Alricks, for plaintiff.*

*Mumma, for defendant.*

---

*Court of Common Pleas, Dauphin County, February 2d, 1865.*

## In the matter of a Mandamus against the School Directors of Jefferson Township.

A mandamus will not be granted to compel the school directors of a township to repay money paid by men drafted into the army to procure substitutes; such payment is voluntary, and does not create a debt due by the township; even if the claim were binding, it would have to be demanded from first, the school directors; second, the supervisors; and thirdly, the board of election officers, before a mandamus could be applied for.

By the Court.—An application has been made by certain persons, who were drafted into the service of the United States under the militia laws, and furnished substitutes, or procured volunteers to enter in their stead, to compel the school directors of Jefferson township, in which they respectively resided at the time, to lay a tax on the people of the township for the purpose of refunding to them the amounts they severally paid to the different substitutes and volunteers. To this application, on the rule to show cause, a full answer has been put in by the school directors, denying their liability to this process, or the responsibility of the township to refund the money voluntarily advanced by the complainants to relieve themselves from the draft; averring that there was no agreement at any time by the constituted authorities or people of the township to refund the money. The petition is very defective in failing to set forth that the county commissioners had been called on, and declined to act in the premises; but that could readily be amended; also in omitting to state that it was a debt due by the township, which has no funds wherewith to make payment. But there are objections to this mode of proceeding which are insuperable. All of the acts of Assembly, except section 3 of the act of 25th August, 1864, clearly make it *discretionary* in the various county and township officers to raise funds for the purpose of filling the army, and relieving their respective localities from the draft, or refusing so to do, in the absence of some previous contract with the constituted authorities, or an application of the majority of the citizens.

[The matter of a Mandamus against the School Directors of Jefferson Township.]

The provisions of the original law and various supplements are only *enabling*, not *imperative*; and perhaps this section should receive a like construction, more especially when a different one might bring it within the inhibition of the Constitution. We can scarcely believe that it comes within the power of the legislature to force debts upon municipal corporations any more than upon individuals, or to make contracts for parties to pay, who are under no previous moral, legal, or honorary obligation, and a large portion of whom received no benefit from the act done. It is quite as dangerous a legislative power to *create* as to *impair* contracts. We are not required at this time to pass on the constitutionality of that section. For if the parties have any remedy, it is by action at law against the county or township in the ordinary common-law form, and not by the extraordinary writ of mandamus. If this section creates anything like an obligation, it is a *debt* to be recovered by suit against the proper municipality; for whether it be the county or township, either can be sued, and after judgment the party can pursue the remedy pointed out in the acts of Assembly to recover his money. There is a further objection to this proceeding. The first power to collect and apply money to obtain volunteers by paying bounties, or to refund to those who have procured substitutes, is conferred on the county commissioners. They declining to act, in country districts the power is given to certain township officers in the following order: First. School directors. Second. Supervisors or road commissioners. Third. The board of election officers. If one will not consent to raise the money, another may be called on in the order indicated. Now it would certainly be necessary to go through all of these grades before attempting to compel any one by mandamus. It is not stated in this petition that any of the various officers have been applied to, and declined to perform this duty, except the school directors. If a mandamus will lie against any, it would rather appear that it should be awarded against the party who last refused, and on whom is thrown the ultimate duty and responsibility.

We are clearly of the opinion that this proceeding cannot be sustained; the rule for a mandamus must be dismissed, and the peremptory writ refused at the cost of the petitioners.

It is ordered accordingly.

*Mumma, for plaintiff.*

*Kunkel and Lamberton, for defendant.*